UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

LADON BRUSTER,  :  CASE NO. 15-CV-2653
 :
       Plaintiff,  :
 :
  vs.  :  OPINION AND ORDER
 :  [Resolving Doc. 21]
UBER TECHNOLOGIES INC., et al.,  :
 :
       Defendants.  :
 :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff Ladon Bruster moves for reconsideration of this Court's May 23, 2016 opinion compelling arbitration and dismissing the case.[1] For the following reasons, this Court **DENIES** Plaintiff's motion for reconsideration.

## I. Background[2]

    Plaintiff Bruster worked as driver for Defendant Uber Technologies from July 2014 until November 2015. When signing up to drive with Uber, Plaintiff accepted Uber's Technology Services Agreement. The Agreement had arbitration and delegation provisions. Uber drivers like Plaintiff could opt out of the arbitration and delegation provisions by sending an email to Uber within 30 days of signing the Agreement.

    On November 25, 2015, Uber deactivated Plaintiff's account. On December 21, 2015, Plaintiff brought unpaid overtime claims against Uber in this Court.

    On May 23, 2016, this Court granted Defendants' motion to dismiss and compel arbitration. This Court held that the delegation clause was valid and enforceable. The delegation

---

[1] Doc. 21. Defendants oppose. Doc. 22. Plaintiff replies. Doc. 23. Defendants also filed a notice of supplemental authority. Doc. 26. Plaintiff responded. Doc. 27. The Court will consider both parties' supplemental authority published after May 23, 2016.
[2] A more detailed factual background can be found in the Court's May 23, 2016 opinion dismissing Plaintiff's claims. Doc. 19.

Case No. 15-cv-2653
Gwin, J.

clause called giving the arbitrator, not this Court, the authority to decide threshold questions of arbitrability.[3]

On June 17, 2016, Plaintiff Bruster moved this Court to reconsider its May 23, 2016 opinion.[4]

## II. Legal Standard

The Federal Rules of Civil Procedure do not describe motions to reconsider. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment.[5] Orders granting motions for reconsideration are extraordinary and are seldom granted because they contradict notions of finality and repose.[6]

A court may grant a motion to amend or alter a judgment "to correct a clear error of law; account for newly discovered evidence or an intervening change in the controlling law; or otherwise prevent manifest injustice."[7] "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'"[8]

## III. Discussion

Plaintiff offers several arguments for reconsidering this Court's prior decision. All are either old arguments that this Court already considered or new arguments that could have been

---

[3] *Id.*
[4] Doc. 21. Defendants oppose. Doc. 22. Plaintiff replied. Doc. 23.
[5] *Basinger v. CSX Transp., Inc.*, 91 F.3d 143, 1996 WL 400182, at *2 (6th Cir. July 16, 1996) (unpublished table opinion); *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979).
[6] *See Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).
[7] *Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 728 (6th Cir. 2012) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).
[8] *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)).

Case No. 15-cv-2653
Gwin, J.

raised in opposition to the motion to compel arbitration, but were not. Moreover, even if the Court were to reconsider its previous decision, Plaintiff's arguments lose.

First, Plaintiff says that,

> the Court relied on a fundamental misreading of the severability rule articulated in two Supreme Court cases—*Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006) and *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010)—and improperly refused to apply California law from the Agreement's choice-of-law clause to evaluate the enforceability of the Agreement's delegation clause and arbitration provision.[9]

Plaintiff made these arguments in his opposition to Defendants' motion to compel arbitration, and this Court rejected them. This Court found that under *Rent-A-Center*, the Uber Agreement's arbitration provisions—including the delegation clause—were severable from the remainder of the Agreement.[10] This Court then found that because the severed provisions did not contain a choice of law provision, that Ohio law would apply since Ohio had the most significant relationship to the dispute. The Court concluded that the delegation clause was valid and enforceable under Ohio law because it was not procedurally unconscionable.[11]

Applying California law leads to the same result: that the delegation provision is valid because it is not procedurally unconscionable. As the Maryland District Court found in assessing a similar Uber agreement in *Varon v. Uber*,[12]

> Under California law, unconscionability consists of two elements: procedural and substantive unconscionability. *Armendariz v. Found. Health Psychcare Servs.*, 24 Cal. 4th 83, 114 (2000). Both elements must "be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." *Carlson v. Home Team Pest Defense, Inc.*, 239 Cal. App. 4th 619, 630 (2015) (citation omitted) . . . .
> The procedural element of unconscionability "requires oppression or surprise," *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55

---

[9] Doc. 21 at 1.
[10] *Rent-A-Ctr.*, 561 U.S. 63 at 70.
[11] Doc. 19.
[12] Case No. 15-3650 (D. Md. July 20, 2016). Doc. 26-1.

Case No. 15-cv-2653
Gwin, J.

Cal. 4th 223, 247 (2012), and looks to the "manner in which the contract was negotiated and the circumstances of the parties at that time." *Gatton v. T-Mobile USA, Inc.*, 152 Cal. App. 4th 571, 581 (2007). As discussed in detail in the Court's decision, the Arbitration Provision has a clearly-stated opportunity to opt-out within 30 days without retaliation. Although drafted by the party of superior bargaining strength, it is not presented on a take-it-or-leave it basis, so it is not an adhesive contract. *See, e.g.*, *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1059 (9th Cir. 2013) (finding no procedural unconscionability where there was a clearly-labeled arbitration clause and an opt-out provision). Whether analyzed under Maryland law or California law, this Court finds no procedural unconscionability.[13]

At bottom, Plaintiff could have easily opted out of the challenged arbitration provisions. Plaintiff does not show that those provisions are procedurally unconscionable under either Ohio or California law.

Next, Plaintiff argues that the Seventh Circuit's decision in *Lewis v. Epic Systems Corp.*,[14] published three days after this Court's May 23, 2016 opinion compelling arbitration, warrants granting Plaintiff's motion for reconsideration. This argument loses.

*Lewis* was published after this Court's opinion, and therefore could not have been "discovered and offered" in opposition to Defendants' motion to compel arbitration. However, the idea underlying *Lewis*, that arbitration clauses that limit employees' rights under the National Labor Relations Act are invalid and unenforceable, could have, with due diligence, been offered in opposition to arbitration.[15]

*Lewis* is not a novel legal theory.[16] Rather, it is an application of established labor law to a challenged arbitration provision. Plaintiff could have raised the same challenges to this case's arbitration provisions without *Lewis*.

---

[13] *Id.* at 3–4.
[14] __F.3d.__, 2016 WL 3029464 (7th Cir. May 26, 2016).
[15] *See In Re D. R. Horton, Inc.*, 357 NLRB 2277, 2289 (2012) (holding that "a mandatory arbitration agreement provision . . . violate[s] Section 8(a)(1) of the [National Labor Relations] Act").
[16] *See Lewis*, 2016 WL 3029464, at *4 (citing *NLRB v. Stone*, 125 F.2d 752, 756 (7th Cir. 1942)) ("Stone, which has never been undermined, held that where the 'employee was obligated to bargain individually,' an arbitration agreement limiting Section 7 rights was a *per se* violation of the NLRA and could not 'be legalized by showing the

-4-

Case No. 15-cv-2653
Gwin, J.

Even if this Court were to consider Plaintiff's arguments from *Lewis*, it would not change the outcome of this Court's May 23, 2016 opinion.

Defendants correctly note that Seventh Circuit case law is not binding on this Court. Furthermore, this Court finds that the Ninth Circuit case *Johnmohammadi v. Bloomingdale's, Inc.*,[17] cited in *Lewis¸* is closer to the facts of this case than *Lewis*.

*Lewis* analyzed and invalidated a mandatory arbitration provision. In *Johnmohammadi*, the Ninth Circuit held that an arbitration provision with an opt-out clause did not violate the NLRA. In this case, the Uber agreement allowed drivers like Plaintiff to opt-out of the arbitration provisions within thirty days of signing up to drive with Uber.[18] Under *Johnmohammadi,* the Uber Agreement does not impinge on any NLRA rights Plaintiff has, if any, because Plaintiff Bruster could have opted out of arbitration.

### IV. Conclusion

For the reasons above, this Court **DENIES** Plaintiff's motion for reconsideration.

IT IS SO ORDERED.

Dated: August 2, 2016         *s/        James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

contract was entered into without coercion.'"). *Lewis* shows that the NLRA arguments Plaintiff raises have been around for decades.
[17] 755 F.3d 1072, 1077 (9th Cir. 2014).
[18] *See id.* at 1075 ("We can quickly dismiss any notion that Bloomingdale's coerced Johnmohammadi into waiving her right to file a class action. Bloomingdale's did not require her to accept a class-action waiver as a condition of employment, as was true in *In re D.R. Horton, Inc.*, . . . Bloomingdale's gave her the option of participating in its dispute resolution program, which would require her to arbitrate any employment-related disputes on an individual basis.").

-5-